EXHIBIT A



# BURKE, ROBERT ET AL VS. SAFECO INSURANCE OF ILLINOIS

**ESTILL CIRCUIT COURT**
Filed on **09/02/2025** as **AUTOMOBILE** with **HON. MICHAEL DEAN**

**25-CI-00172**

**** NOT AN OFFICIAL COURT RECORD ****

| Case Memo | 25-CI-00172 |
|---|---|
| AUTOMOBILE | |

| Parties | 25-CI-00172 |
|---|---|

### BURKE, JENNIFER as PLAINTIFF / PETITIONER

**Address**
142 CLEVIS SPRINGS ROAD
IRVINE KY 40336

### BURKE, ROBERT as PLAINTIFF / PETITIONER

**Address**
142 CLEVIS SPRINGS ROAD
IRVINE KY 40336

### SAFECO INSURANCE OF ILLINOIS as DEFENDANT / RESPONDENT

**Memo**
Registered Agent of Service exists.

**Address**
LIBERTY MUTUAL INSURANCE COMPANY
175 BERKLEY STREET
BOSTON MA 02116

**Summons**
**CIVIL SUMMONS** issued on **09/02/2025** served / recalled on **09/09/2025** by way of **CERTIFIED MAIL**
9236090194038330662976Successful

### WARDLE, SAMUEL as ATTORNEY FOR DEFENDANT

**Address**
FROST BROWN TODD LLC
400 WEST MARKET STREET, SUITE 3200
LOUISVILLE KY 40202

### WILSON, JASON as ATTORNEY FOR PLAINTIFF

**Address**
COY, GILBERT, SHEPHERD & WILSON
212 NORTH SECOND STREET, P.O. BOX 1178
RICHMOND KY 40476

### CORPORATION SERVICE COMPANY as REGISTERED AGENT OF SERVICE

**Memo**
Related party is SAFECO INSURANCE OF ILLINOIS

**Address**
421 WEST MAIN STREET
FRANKFORT KY 40601

| Documents | 25-CI-00172 |
|---|---|
| **COMPLAINT / PETITION** filed on **09/02/2025** | |

| | |
|---|---|
| **ANSWER** filed on **09/29/2025** | |

| | |
|---|---|
| **Images** | **25-CI-00172** |
| **COMPLAINT / PETITION** filed on **09/02/2025**  *Page(s): 5* | |
| **COURTESY FINANCIAL TRANSACTION REPORT** filed on **09/02/2025**  *Page(s): 1* | |
| **ANSWER** filed on **09/29/2025**  *Page(s): 8* | |

**\*\*\*\* End of Case Number : 25-CI-00172 \*\*\*\***

NOT ORIGINAL
DOCUMENT
10/08/2025 03:06:09
PM
89824-8

COMMONWEALTH OF KENTUCKY
ESTILL CIRCUIT COURT
CIVIL ACTION, FILE NO.: 25-CI-_____
Electronically Filed

| | |
|---|---|
| ROBERT BURKE and ) | |
| JENNIFER BURKE ) | |
| ) | |
|     PLAINTIFFS ) | |
| ) | |
| VS. ) | |
| ) | |
| SAFECO INSURANCE COMPANY ) | |
| OF ILLINOIS ) | COMPLAINT |
| ) | |
| Serve: Corporation Service Company ) | |
|     421 West Main Street ) | |
|     Frankfort, Kentucky 40601 ) | |
| ) | |
|     DEFENDANT ) | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

Come the Plaintiffs, Robert Burke and Jennifer Burke, by counsel, and for their claims against the Defendant, Safeco Insurance Company of Illinois, state and allege as follows:

1.  Plaintiff, Robert Burke, is an individual residing at 142 Clevis Springs Road, Irvine, Estill County, Kentucky 40336.

2.  Plaintiff, Jennifer Burke, is an individual residing at 142 Clevis Springs Road, Irvine, Estill County, Kentucky 40336.

3.  Defendant, Safeco Insurance Company of Illinois (Safeco), is an authorized insurer licensed to do business in the Commonwealth of Kentucky, with a home office listed as Liberty Mutual Insurance Company, 175 Berkeley Street, Boston, Massachusetts 02116, and its agent for service of process is Corporation Service Company 421 West Main Street, Frankfort, Kentucky 40601.

Presiding Judge: HON. MICHAEL DEAN (623340)

COM : 000001 of 000005

Filed          25-CI-00172     09/02/2025          Stephanie Brinegar Cassidy, Estill Circuit Clerk

NOT ORIGINAL DOCUMENT
10/08/2025 03:06:09 PM
89824-8

4.      Defendant Safeco issued the following policy of automobile insurance, being Policy No. K3532701 on an automobile owned by Jennifer Burke of Irvine, Estill County, Kentucky.

5.      The policy referred to in paragraph four (4) was renewed thereafter and was continuously in effect through and including December 12, 2022.

6.      The policy referred to above required Safeco to pay damages suffered by Robert Burke and Jennifer Burke because of bodily injury which they were legally entitled to recover from the owner or operator of an underinsured automobile, up to the limits of the policy.

7.      On or about the 12th day of December 2022, Plaintiff, Jennifer Burke was the driver of a vehicle stopped in traffic traveling east on Richmond Road, in Irvine, Estill County, Kentucky, when she was rear-ended. Plaintiff Robert Burke was a passenger in the vehicle.

8.      At the said time and place Mary Maggard was an underinsured driver, operating her vehicle traveling east on Richmond Road, Irvine, Estill County, Kentucky, behind the vehicle occupied by Plaintiffs Robert and Jennifer Burke, when she struck the Plaintiff's car in the rearend.

9.      Mary Maggard was an underinsured driver, in that Mary Maggard had bodily injury liability protection in effect and applicable at the time of the collision, but in an amount less than the damages Plaintiffs Robert and Jennifer Burke are entitled to recover from her as a result of her negligence.

10.     An insurance company must keep its promises to its insureds.

11.     When an insurance company promises an insured that it will pay their damages if they suffer injuries and damages due to the negligence of a driver who does not have enough insurance to pay the amount of damages they are legally entitled to recover, the insurance company

NOT ORIGINAL DOCUMENT
10/08/2025 03:06:09 PM
89824-8

must pay the insured persons for their damages beyond the amount of insurance coverage that the negligent driver had in effect.

12. Plaintiff Robert Burke's damages as a direct and proximate result of bodily injury from the collision referred to above exceed the amount available on the liability coverage for Mary Maggard

13. Plaintiff Jennifer Burke's damages as a direct and proximate result of bodily injury from the collision referred to above exceed the amount available on the liability coverage for Mary Maggard.

14. As a direct and proximate result of the automobile crash aforesaid Plaintiffs Robert and Jennifer Burke have suffered serious and permanent physical injury.

15. As a direct and proximate result of the automobile crash aforesaid, Plaintiffs Robert and Jennifer Burke incurred necessary medical expenses.

16. As a direct and proximate result of the automobile crash aforesaid, Plaintiffs Robert and Jennifer Burke will incur necessary medical expenses in the future.

17. As a direct and proximate result of the automobile crash aforesaid, Plaintiffs Robert and Jennifer Burke have suffered mental and physical pain, reduction in the quality of their lives, and difficulty in performing activities of daily living.

18. As a direct and proximate result of the automobile crash aforesaid, Plaintiffs Robert and Jennifer Burke will suffer mental and physical pain, reduction in the quality of their lives, and difficulty in performing activities of daily living, in the future.

Presiding Judge: HON. MICHAEL DEAN (623340)
COM : 000003 of 000005

NOT ORIGINAL
DOCUMENT
10/08/2025 03:06:09
PM
89824-8

19. The damages suffered and incurred by Plaintiffs Robert and Jennifer Burke as aforesaid exceed the automobile liability coverage available to Mary Maggard, and the minimum dollar amount necessary to establish jurisdiction of this Court.

### COUNT II

1. That the Defendant, Safeco, is an authorized insurer authorized to do business in the Commonwealth of Kentucky pursuant to KRS 304.3-070, and its agent for service of process in the Commonwealth is Corporation Service Company.

2. Plaintiffs Robert and Jennifer Burke were injured in an automobile crash on December 12, 2022, in Estill County, Kentucky, as the result of the negligence of Mary Maggard, an underinsured driver, whose insurance company tendered their policy limits.

3. Such duty of good faith and fair dealing includes the obligation of the Defendant Safeco to acknowledge and act reasonably promptly upon communications with respect to claims arising under insurance policies it issues, in good faith attempt to effectuate prompt, fair, and equitable settlements of claims in which liability has become reasonably clear, conduct reasonable investigations based upon all available information concerning all claims made, and not to attempt to settle claims for less than the amount that the claim is reasonably worth.

4. Defendant Safeco has failed to comply with its obligation of good faith and fair dealing by failing to engage in good faith attempts to effectuate prompt, fair, and equitable resolution of this claim despite having had ample time and opportunity to conduct a reasonable investigation into said claim and the damages sustained by the Plaintiffs, their insureds.

4

NOT ORIGINAL DOCUMENT
10/08/2025 03:06:09 PM
89824-8

5.  As a result of the aforementioned wrongful conduct of Defendant Safeco, Plaintiffs Robert and Jennifer Burke, have incurred damages in excess of the minimum jurisdictional limits of this Court.

6.  Defendant Safeco has acted toward Plaintiffs Robert and Jennifer Burke with conscious disregard of their rights and with the intent to vex, injure, or annoy them, such as to constitute oppression, fraud, malice, thereby entitling Plaintiffs to punitive damages.

WHEREFORE, Plaintiffs Robert and Jennifer Burke, demand judgment against Defendant, Safeco, for compensatory damages as may be proven at trial; for past and future pain and suffering; for past and future medical expenses; and for such punitive damages as may be proved at trial, all of which exceed the minimum jurisdiction requirement of the Court; and Plaintiffs further demand a trial by jury on all issues herein; judgment for their costs herein expended; and for all other relief to which they may appear entitled.

COY, GILBERT SHEPHERD & WILSON
212 North Second Street
P.O. Box 1178
Richmond, Kentucky 40476-1178
(859) 623-3877

*/s/ Jason S. Wilson*
Jason S. Wilson

NOT ORIGINAL
DOCUMENT
10/08/2025 03:06:16
PM
89824-8

CASE NO. 25-CI-00172                                                        ESTILL CIRCUIT COURT

*Electronically Filed*

| | |
|---|---|
| ROBERT BURKE and | |
| JENNIFER BURKE | PLAINTIFFS |

v.

| | |
|---|---|
| SAFECO INSURANCE COMPANY OF ILLINOIS | DEFENDANT |

<u>**SAFECO INSURANCE COMPANY OF ILLINOIS'
ANSWER TO PLAINTIFFS' COMPLAINT**</u>

Defendant Safeco Insurance Company of Illinois ("Safeco"), by counsel, for its Answer and Defenses to the allegations set forth in the Complaint of Robert Burke and Jennifer Burke ("Plaintiffs"), states as follows:

1. In response to the allegations contained in Paragraph 1 of the Complaint, Safeco admits, upon information and belief, that Plaintiff Robert Burke resides or resided at the listed address.

2. In response to the allegations contained in Paragraph 2 of the Complaint, Safeco admits, upon information and belief, that Plaintiff Jennifer Burke resides or resided at the listed address.

3. Safeco admits the allegations contained in Paragraph 3 of the Complaint.

4. Safeco admits the allegations contained in Paragraph 4 of the Complaint.

5. In response to the allegations contained in Paragraph 5 of the Complaint, Safeco admits that Auto Policy No. K3532701 was active on December 12, 2022.

6. The allegations contained in Paragraph 6 of the Complaint state a paraphrased summary of coverage afforded by Auto Policy No. K3532701; in response thereto, Safeco incorporates the terms, conditions, coverages, and limitations set forth in Auto Policy No.

K3532701, and denies any allegation or implication contained in Paragraph 6 of the Complaint that is inconsistent with the policy itself.

7. In response to the allegations contained in Paragraph 7 of the Complaint, Safeco admits that, based on information provided to it, Plaintiffs were rear-ended in Estill County on December 12, 2022.

8. In response to the allegations contained in Paragraph 8 of the Complaint, Safeco admits that, based on information provided to it, Plaintiffs' vehicle was rear-ended by a vehicle driven by Mary Maggard.

9. In response to the allegations contained in Paragraph 9 of the Complaint, Safeco admits only that Plaintiffs *allege* they suffered compensable damages in excess of Mary Maggard's available liability insurance coverage.

10. Paragraph 10 of the Complaint states a legal conclusion to which no response is required.

11. Paragraph 11 of the Complaint states a legal conclusion to which no response is required.

12. In response to the allegations contained in Paragraph 12 of the Complaint, Safeco admits only that Plaintiffs *allege* they suffered compensable damages in excess of Mary Maggard's available liability insurance coverage.

13. In response to the allegations contained in Paragraph 13 of the Complaint, Safeco admits only that Plaintiffs *allege* they suffered compensable damages in excess of Mary Maggard's available liability insurance coverage.

NOT ORIGINAL DOCUMENT
10/08/2025 03:06:16 PM
89824-8

14. In response to the allegations contained in Paragraph 14 of the Complaint, Safeco admits only that Plaintiffs *allege* they suffered injury as a result of being rear-ended by Mary Maggard.

15. In response to the allegations contained in Paragraph 15 of the Complaint, Safeco admits only that Plaintiffs *allege* they incurred medical expenses as a result of being rear-ended by Mary Maggard.

16. In response to the allegations contained in Paragraph 14 of the Complaint, Safeco admits only that Plaintiffs *allege* they will incur medical expenses in the future as a result of being rear-ended by Mary Maggard.

17. In response to the allegations contained in Paragraph 17 of the Complaint, Safeco admits only that Plaintiffs *allege* they suffered injury as a result of being rear-ended by Mary Maggard.

18. In response to the allegations contained in Paragraph 18 of the Complaint, Safeco admits only that Plaintiffs *allege* they suffered injury as a result of being rear-ended by Mary Maggard.

19. In response to the allegations contained in Paragraph 19 of the Complaint, Safeco admits only that Plaintiffs *allege* they sustained damages in excess of this Court's jurisdictional limits.

## COUNT II

1. Safeco admits the allegations contained in Paragraph 1 of the Complaint.

2. In response to the allegations contained in Paragraph 2 of the Complaint, Safeco admits that Plaintiffs allege they were injured in a December 12, 2022 collision with Mary

Maggard, and Safeco admits upon information and belief that Mary Maggard's liability insurer tendered Mary Maggard's liability limits to Plaintiffs.

3. Paragraph 3 of the Complaint states legal conclusions to which no response is required.

4. Safeco denies the allegations contained in Paragraph 4 of the Complaint.

5. Safeco denies the allegations contained in Paragraph 5 of the Complaint.

6. Safeco denies the allegations contained in Paragraph 6 of the Complaint.

7. The remainder of the Complaint sets forth a prayer for relief to which no response is required. To the extent a response is required, Safeco denies that Plaintiffs are entitled to the damages they seek.

8. Safeco denies all allegations set forth in the Complaint not specifically admitted herein.

## AFFIRMATIVE AND OTHER DEFENSES

1. The Complaint fails, in whole or in part, to state a claim against Safeco upon which relief can be granted.

2. Safeco hereby adopts and incorporates by reference, as if set forth herein in full, all defenses identified in CR 8.03, to the extent that any such defenses may become applicable to this case and/or as they may later be revealed throughout the course of discovery in this action.

3. Plaintiffs cannot establish a violation of KRS 304.12-230 because Safeco did not commit any of the "acts or omissions" that are prohibited by the statute in the handling of Plaintiffs' claim.

4. Plaintiffs cannot establish a violation of KRS 304.12-230 or Common Law Bad Faith under the three-part test set forth in *Wittmer v. Jones*, 864 S.W.2d 885 (Ky. 1993), because Safeco did not have an obligation to pay Plaintiffs' insurance claim.

5. Plaintiffs cannot establish a violation of KRS 304.12-230 or Common Law Bad Faith un-der the three-part test set forth in *Wittmer v. Jones*, 864 S.W.2d 885 (Ky. 1993), because Safeco acted reasonably in the investigation, evaluation, and processing of the claim.

6. Plaintiffs cannot establish a violation of KRS 304.12-230 or Common Law Bad Faith un-der the three-part test set forth in *Wittmer v. Jones*, 864 S.W.2d 885 (Ky. 1993), because liability was at least in "reasonable dispute."

7. Plaintiffs cannot establish a violation of KRS 304.12-230 or Common Law Bad Faith un-der the three-part test set forth in *Wittmer v. Jones*, 864 S.W.2d 885 (Ky. 1993), because Safeco did not engage in outrageous, punitive, or malicious conduct in the handling of Plaintiff's insurance claim.

8. Plaintiffs cannot establish a violation of KRS 304.12-230 or Common Law Bad Faith under the three-part test set forth in *Wittmer v. Jones*, 864 S.W.2d 885 (Ky. 1993), because Safeco did not cause Plaintiffs actual damage that was outrageous.

9. Any bad faith claims against Safeco, including all claims alleging violation of Kentucky's Unfair Claims Settlement Practices Act, should be bifurcated from all other claims asserted in this action and discovery should be stayed pending resolution of the other claims. If a trial should prove necessary on any bad faith claim, which Safeco specifically denies, separate trials on the bad faith claim and all other claims should be held before separate juries.

10. Plaintiffs' claims are or may be barred by the applicable statute of limitations.

11. Plaintiffs' right to under-insured motorist coverage under their policy with Safeco has not been triggered, because Plaintiffs did not sustain damages in excess of the tortfeasor's liability insurance limits.

12. Plaintiffs' claims are subject to offset for payments received under Plaintiffs' coverage for personal injury protection/ basic reparations benefits.

13. Safeco reserves the right to file further pleadings, file appropriate crossclaims or third-party complaints, assert other defenses, affirmative or otherwise, and amend its responses above as the proof in this matter develops.

**WHEREFORE**, having fully answered, Safeco Insurance Company of Illinois prays for relief as follows:

1. That the Complaint be dismissed with prejudice and that Plaintiffs take nothing in this action;

2. That Safeco be awarded its costs expended in this action, and, if applicable, its reasonable attorney's fees; and

3. All other relief which may be granted.

Respectfully submitted,

FROST BROWN TODD LLP

NOT ORIGINAL
DOCUMENT

10/08/2025 03:06:16
PM

89824-8

/s/ Samuel W. Wardle
Douglas Langdon
Samuel W. Wardle
400 West Market Street, 32nd Floor
Louisville, Kentucky 40202-3363
(502) 589-5400 - Phone
(502) 581-1087 - Fax
dlangdon@fbtlaw.com
swardle@fbtlaw.com
*Counsel for Safeco Insurance Company of Illinois*

NOT ORIGINAL DOCUMENT
10/08/2025 03:06:16 PM
89824-8

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was electronically filed with the Clerk of Court on September 29, 2025, which will send a notice electronically to those registered to receive service, and that a true and correct copy of the foregoing was served by US mail to the following:

Jason S. Wilson
Coy, Gilbert, Shepherd & Wilson
212 N. Second St.
P.O. Box 1178
Richmond, Kentucky 40476
*Counsel for Plaintiffs*

*Samuel W. Wardle*
*Counsel for Safeco Insurance Company of Illinois*

0000T69.0811596   4928-9245-5790v1